IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JIM BLASA,

    Plaintiff,

vs.                                                                                      No.   06-87 DRH

NOOTER CONSTRUCTION COMPANY,    (Removed from Circuit Court of
NOOTER CORPORATION,    Madison County, IL – No. 05-L-182)
CONOCOPHILLIPS COMPANY,
WASHINGTON GROUP
INTERNATIONAL, INC., SAFWAY
SERVICES, INC., f/k/a SAFWAY
STEEL PRODUCTIONS, INC.,

    Defendants.
_____

WASHINGTON GROUP
INTERNATIONAL, INC.,

    Third Party Plaintiff

vs.

KRAEMER GUNITE, INC.

    Third Party Defendant

MEMORANDUM AND ORDER

HERNDON, District Judge:

I. Introduction

Now before the Court is a motion to dismiss submitted by Defendant ConocoPhillips Company ("ConocoPhillips"). (Doc. 9.) Plaintiff Jim Blasa ("Plaintiff") responds in opposition. (Doc. 11.) Defendant, in turn, submitted a reply. (Doc. 12.)

For the reasons below, the Court denies ConocoPhillip's motion.

## II. Background

Plaintiff alleges that he was injured while using a walkway fabricated from scaffolding for the purpose of exiting his job trailer. (Doc. 2, ¶ 3.) At the time, Plaintiff was working for Third-Party Defendant Kraemer Gunite at the "ConocoPhillips Co. site" in Madison County, Illinois. (*Id.*) Plaintiff's complaint does not state what type of work Plaintiff was engaged in at the work site nor the overall nature of the work being done. However, Plaintiff does allege that Defendants Nooter Construction Company and Nooter Corporation were "in the business of providing construction services." (*Id.*, Count I ¶ 1, Count II ¶ 1.)

Originally, Plaintiff filed this case in the Circuit Court of Madison County. Plaintiff amended his original complaint on September 23, 2005 to add ConocoPhillips Company as a Defendant. (Doc. 9, ¶ 1). On January 30, 2006, Defendant ConocoPhillips, with the consent of the other Defendants, removed the case to this Court. (Doc. 1.) Plaintiff's five-count amended complaint currently asserts a negligence claim against each of the Defendants. (Doc. 2.)

## III. Analysis

### A. Motion to Dismiss Standard

When ruling on a motion to dismiss for lack of subject matter jurisdiction under **Fed. R. Civ. P. 12(b)(6)**, a court must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in plaintiff's favor. ***Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001)**. The

court must then determine "whether relief is possible under any set of facts that could be established consistent with the allegations." ***Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992)** (citing ***Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)**). A motion to dismiss tests the sufficiency of the complaint, not its merits. ***Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990)**. A claim may be dismissed only if it is beyond doubt that under no set of facts would a plaintiff's allegations entitle her to relief. ***Travel All over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429 (7th Cir. 1996)**. To survive a motion to dismiss, "[c]omplaints need not plead facts and need not narrate events that correspond to each aspect of the applicable legal rule." ***Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006)**.

      **B.**    **ConocoPhillips' Motion to Dismiss (Doc. 9)**

In its motion to dismiss, ConocoPhillips asserts that Plaintiff's cause of action against ConocoPhillips is time-barred by **735 Ill. Comp. Stat. 5/13-202**, Illinois' two-year statute of limitations for personal injury actions. (Doc. 9, ¶ 3.) Plaintiff's amended complaint alleges that Plaintiff's injuries occurred on March 12, 2003; however, Plaintiff did not add ConocoPhillips as a Defendant in this cause until September 23, 2005 – two and one-half years after the cause of action accrued. (Doc. 9, ¶ 3). Therefore, ConocoPhillips argues that the action against it must be dismissed, with prejudice.

Plaintiff argues that **735 Ill. Comp. Stat. 5/13-214,** the four-year building

construction statute of limitations applies.  Plaintiff asserts that the four-year statute of limitations applies because he has alleged that the Defendant "[c]onstructed or maintained the walkway, including the handrail for the stairway, in an unsafe condition." (Doc. 2, Count IV, ¶ 5(a).)  Furthermore, Plaintiff requests leave to file an amended complaint, which he states will set forth more specific allegations related to the activities of Defendant.[1]

ConocoPhillips' Reply asserts that Plaintiff's Complaint fails to allege the necessary facts to establish that the cause of action is governed by the four-year building construction statute of limitations.  (Doc. 12.)

The issue here is whether the two-year personal injury statute of limitations or the four-year building construction statute of limitations applies to Plaintiff's claim against ConocoPhillips.  The personal injury statute of limitations applies to personal injuries generally and requires that all such actions be commenced within two years after the cause of action accrues.  **735 ILCS 5/13-202**.  The building construction statute of limitations applies to "[a]ctions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property. . . ."  **735 ILCS 5/13-214(a)**.  Section 13-214(a) is considered to be a "specific" statute of limitations.  *Hernon v. Corrigan Construction Co.*, **149 Ill.2d 190, 196, 595 N.E.2d 561, 563, 172 Ill.Dec.200,**

---

[1] Incidentally, Plaintiff stated in his Response that he intended to attach a second amended complaint to his Response.  The Court never received this amended complaint.

**202 (1992).** When a cause of action conceivably falls within two different statutes of limitations, "the particular provision must prevail." *Id*. **(quoting *Bowes V. City of Chicago*, 3 Ill.2d 175, 205 (1954)).** This would seem to suggest that the building construction statute of limitation applies, if Plaintiff can prove that the cause of action arises from construction-related activities. *Id.*

In ConocoPhillips' Reply Brief, ConocoPhillips argues that Plaintiff has failed to allege the facts that are necessary to bring the claim within the four-year statute of limitations. (Doc. 12.) It is true that the Plaintiff is silent with regard to 1) whether ConocoPhillips was engaged in the design, planning, supervision, observation or management of the construction-related activities at the work site and 2) whether the construction entailed an improvement to real property. However, the Seventh Circuit has held that "[s]ilence is just silence and does not justify dismissal unless Rule 9(b) requires details. Arguments that rest on negative implications from silence are poorly disguised demands for fact pleadings." ***Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006)**. Plaintiff's failure to allege facts necessary to establish that the four-year statute of limitations applies should not be grounds for dismissal, unless "it would be necessary to contradict the complaint in order to prevail on the merits." *Id.* Moreover, Plaintiff is not required to plead facts in the complaint to negate an affirmative defense. ***Clark v. City of Braidwood*, 318 F.3d 764 (7th Cir. 2003).**

It is true, however, as Conoco Phillips asserts, that "if a plaintiff pleads facts that show its suit barred by a statute of limitation, it may plead itself out of court

under a Rule 12(b)(6) analysis." ***Whirlpool Financial Corp. V. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Circ. 1995)**. The question, then, is whether Plaintiff has pled any facts that he would have to contradict in order to secure an application of the building construction statute of limitations.

As discussed above, Plaintiff points to his assertion in his Complaint that ConocoPhillips "*[c]onstructed* or maintained the walkway, including the handrail for the stairway, in an unsafe condition" to argue that the four-year statute of limitation should apply (Doc. 11, p. 3.) ConocoPhillips argues that this allegation does not bring the claim within the four-year statute of limitation. ConocoPhillips may or may not be correct in its assertion that construction of the scaffolding, alone, does not bring this claim within the four-year statute of limitation. However, it is quite conceivable that Plaintiff could proffer additional facts, without contradicting this initial allegation, to prove that the four-year statute of limitation does, in fact, govern his claim. We know very little about ConocoPhillips involvement in the work site, what type of work was being performed, or Plaintiff's activities. Therefore, ConocoPhillips' motion to dismiss is premature and must be denied.

### IV.  Conclusion

Therefore, for the foregoing reasons, the Court **DENIES** Defendant ConocoPhillips' motion to dismiss (Doc. 9) and **GRANTS** Plaintiff leave to file a second amended complaint.

**IT IS SO ORDERED**.

Signed this 18th day of August, 2006.

/s/        David   RHerndon
**United States District Judge**
